UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD STUARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3790** |
| **TERREBONNE PARISH CONSOLIDATED GOVERNMENT, ET AL.** | **SECTION: "C" (5)** |

## ORDER AND REASONS

Before this Court are Cross-Motions for Summary Judgment filed by Plaintiff, (Rec. Doc. 24), and Defendants, (Rec. Doc. 28). Having considered the record, the memorandum of counsel, and applicable law, Plaintiff's Motion is DENIED and Defendants' Motion is GRANTED IN PART and DENIED IN PART for the following reasons.

### I. BACKGROUND

On October 9, 2008, Plaintiff went running on a public running track near St.Gregory School in Houma, Louisiana. (Rec. Doc. 24-1 at 2). Plaintiff alleges that he ran a couple of miles, and stopped to stretch after completing his run. *Id.* At that point Plaintiff was approached by Elizabeth Scurto, Principal of St. Gregory School, who began questioning Plaintiff about his presence on the track. *Id.* Ms. Scurto had allegedly received a complaint about Plaintiff's behavior from a teacher and had gone to the school yard to observe Plaintiff. (Rec. Doc. 28 at 2). Ms. Scurto alleges that she observed Mr. Stuard stretching his hips in a provocative manner. Ms. Scurto states that she requested Plaintiff to stretch on the other side of the park, and quickly developed a feeling that something was wrong with the Plaintiff. *Id.* at 3. Soon thereafter, Ms. Scurto went inside and telephoned Houma Police Department ("HPD"). *Id.* As a result an HPD officer appeared at the track, took Plaintiff's driver's license details and began to question him. (Rec. Doc. 24-1 at 2). After running a background check the officer informed Plaintiff that he was free to leave. *Id.* No

report seems to have been made of this incident. *Id.*

Two weeks later, on October 22, 2009, Plaintiff says he returned to the running track near St. Gregory's to run laps. *Id.* at 3. After completing his run, Plaintiff returned to his truck. *Id.* As he was leaving the parking lot at the track, Plaintiff noticed that his vehicle was being followed by HPD vehicles. *Id.* Plaintiff pulled over in a nearby church parking lot to speak to the officers. *Id.* He was questioned by the officers, and was instructed not to return to the track. *Id.* Plaintiff was not arrested and no charges were made, but a report was made of the incident. *Id.*

Defendant Angela Domangue was employed by HPD at the time in question and was responsible for preparing Uniform Crime Reports. *Id.* In the course of performing these duties, Officer Domangue read the report regarding the October 22, 2008 stop of Plaintiff and decided to take the proactive step of warning area schools of Plaintiff's reported behavior. (Rec. Doc. 28 at 6). When Officer Domangue made the decision to warn area schools, she was aware that Plaintiff was not a registered sex offender and that he had neither been arrested nor charged with any crime relating to his presence near St. Gregory's. (Rec. Doc. 24-1 at 4) Officer Domangue's supervisor, Lt. Jude McElroy - the acting Chief of Detectives for the HPD - approved of her proposed action. *Id.*

Specifically, Officer Domangue made a flyer identifying Plaintiff as a "Suspicious Person." *Id.* at 5. The flyer included a prior mug shot of Plaintiff and listed Plaintiff's name, date of birth, height and weight, hair and eye color, described him as having medium build and described the type of vehicle Plaintiff drove. *Id.* Officer Domangue then took the flyer to at least four area elementary schools and discussed it with either the principal or assistant principal of each school. *Id.* at 5-6.

Officer Domangue also drafted an email regarding Plaintiff, which she sent to area school employees. *Id.* at 6. The email reads as follows:

A few days ago, we received a complaint in reference to a male subject watching

2

>children at recess at St. Gregory School acting inappropriately. I wanted to send you this attachment so that you and your staff would be aware of this. If ya'll see him hanging around ya'll school, please call us. He is not a registered sex offender, but we just want to keep the kids safe. We want to be in his face any time he is around our schools so he knows that we are aware of his presence. Thank you for your cooperation in this matter. If you have any further questions, please feel free to contact us.

*Id.*

Plaintiff argues that above facts establish as a matter of law that Officer Domangue and the Houma Police Department violated his rights to privacy and caused irreparable harm to his reputation. *Id.* at 8. As a result Plaintiff has filed the present partial Motion for Summary Judgment, arguing that he is entitled to summary judgement on the questions of Defendants' liability for violation of his privacy and for defamation. *Id.* Defendants respond with their own Motion for Summary Judgment, arguing that they did not act with malice, which is required for Plaintiff to prevail on his Defamation Claim. (Rec. Doc. 28 at 13). Furthermore, Defendants argue that Plaintiff's right to privacy is qualified by the government's interest in protecting children, and therefore Plaintiff has no actionable claim for violation of his rights to privacy. *Id.* at 10-11.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,*

784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

### B.  Analysis

#### 1. Louisiana Invasion of Privacy

Under Louisiana law, the right to privacy embraces four different interests: (1) the appropriation of an individual's name/likeness; (2) unreasonable intrusion on the individual's solitude or seclusion; (3) publicity that places the individual in a false light; and (4) unreasonable public disclosure of embarrassing facts. *Aucoin v. Kennedy*, 355 F.Supp.2d 830, 846 (E.D. La. 2004). Louisiana courts distinguish between actionable and non-actionable invasions of privacy, and in order for an invasion of privacy to be actionable the defendant's conduct must be unreasonable and seriously interfere with the plaintiff's privacy interest. *Id.* at 847. The reasonableness of the defendant's conduct is determined by balancing the plaintiff's interests in protecting his privacy from serious invasions against the defendant's interest in pursuing his course of conduct. *Id.*

4

In the present case, Plaintiff alleges that Defendants violated his privacy in all four manners recognized by Louisiana law. (Rec. Doc. 24-1). However, the undisputed facts of the case can only support Plaintiff's claim for false light invasion of privacy. Regarding Plaintiff's claim for the appropriation of an his name and likeness, the Court notes that a required element of an appropriation claim is that the plaintiff's name or likeness was taken for the use or benefit of the defendant. *Jaubert v. Crowley Post-Signal, Inc.*, 375 So.2d 1386, 1388 (La. 1979). In the present case Plaintiff has never alleged that Defendants appropriated his name or likeness for their own use or benefit, nor do the facts support such a finding. As a result, Defendants are entitled to summary judgment on this claim.

Likewise, to prevail on a claim for unreasonable intrusion on an individual's solitude or seclusion the plaintiff must show that the situation or activity intruded upon was private. *Id.* Here Plaintiff complains about the circulation of his photograph, identifying information and vehicle description. (Rec. Doc. 24-1 at 14). However, none of these details are private, and therefore Defendants are also entitled to summary judgment on this claim.

Finally, a required element of a claim for unreasonable public disclosure of embarrassing private facts is that the facts disclosed be private. *Jaubert v. Crowley Post-Signal, Inc.*, 375 So.2d at 1388. Plaintiff claims that Defendants disclosed embarrassing private facts about the details of his police questioning at a public park on suspicion of looking at children. (Rec. Doc. 24-1 at 15). However, Louisiana courts have found that there is no liability for giving publicity to anything visible in a public place. *Jaubert v. Crowley Post-Signal, Inc.*, 375 So.2d at 1388. Consequently, Defendants are also entitled to summary judgment on this claim.

Plaintiff has however produced disputed evidence supporting a claim for false light invasion of privacy. False light invasion of privacy requires the undesired publicity to be objectionable to a reasonable person under the circumstances. *Jaubert v. Crowley Post-Signal, Inc.*, 375 So.2d at

5

1388. In addition, the publicity must contain a falsity or fiction. *Id.* Here Plaintiff alleges that as a result of stretching in a public park he has been falsely labeled as a suspicious person who watches children. Such publicity is certainly objectionable to a reasonable person and if the facts are as Plaintiff claims them to be, then labeling him as a suspicious person who watches children is a false description. On the other hand, Defendants allege that Plaintiff was not merely stretching, but rather making provocative gestures towards school children, such as rubbing his groin on the school fence and licking his lips. If these allegations turn out to be correct, then labeling Plaintiff as a suspicious person would not be a false or fictitious description. As a result, this Court finds that there are material issues of disputed fact regarding Plaintiff's claim for false light invasion of privacy that preclude the Court from granting summary judgment to either party. This conclusion is further strengthened by the fact that to prevail on his invasion of privacy claim Plaintiff must also demonstrate that defendant's conduct was unreasonable based on a balancing of his interests in protecting his privacy from serious invasions against Defendant's interest in warning local schools about suspicious individuals. *Aucoin v. Kennedy*, 355 F.Supp.2d at 847.

   *2. Louisiana Defamation*

In Louisiana a defamation claim consists of four required elements: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Trentecosta v. Beck*, 703 So.2d 552, 559 (La.1997). A statement is defamatory if it tends to harm the reputation of another. *Id.* Furthermore, statements that "by their nature, tend to injure one's personal or professional reputation are considered defamatory *per se*." *Arledge v. Hendricks*, 715 So.2d 135, 138 (La.App. 2 Cir.1998).

   Here is it clear that being labeled a suspicious person who watches children is a defamatory

6

statement as it tends to injure one's personal and professional reputation. However as discussed above, there is a genuine issue of disputed of facts regarding whether the description of Plaintiff as a suspicious person was in fact a false description. Consequently, neither party is entitled to summary judgment on this claim.

### *3. 42 U.S.C. § 1983 and the 14th Amendment of the US Constitution*

42 U.S.C. § 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. One of the rights protected by the Constitution is the right of individuals to be free from the invasion of their privacy by the government." *Ramie v. City of Hedwig Village*, 765 F.2d 490, 492 (5th Cir. 1985). "The right to privacy consists of two inter-related strands; one protects an individual's interest in avoiding disclosure of personal matters (the confidentiality strand) and the other protects an individual's interest in making certain personal decisions free from government interference (the autonomy strand). " *Cantu v. Rocha*, 77 F.3d 795, 806 (5th Cir.1996).

While Plaintiff has not specified which type of right to privacy he believes was violated by Defendants, it appears that Plaintiff's claim relies on the confidentiality strand of the Constitutional right to privacy. To prevail on this claim Plaintiff must show: (1) that he had a legitimate expectation of privacy; and (2) that his privacy interest outweighs the public need for disclosure. *Cantu v. Rocha*, 77 F.3d at 806 (citing *Fadjo v. Coon*, 633 F.2d 1172 (5th Cir.1981)).

The Court notes that neither party has offered significant briefing on the question of Plaintiff's Constitutional right to privacy. Specifically, neither party has argued that Plaintiff had

a legitimate expectation of privacy regarding his police questioning, nor have they argued about the appropriate constitutional balance between Plaintiff's alleged privacy interest and the public's need for disclosure. As a result, the Court will not grant summary judgment to either party on this claim.

### III. CONCLUSION

Accordingly,

IT IS SO ORDERED that Plaintiff's Motion for Summary Judgment is DENIED. (Rec. Doc. 24).

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART. (Rec. Doc. 28). It is GRANTED to the extent that Plaintiff's claims for the misappropriation of his name/likeness; the unreasonable intrusion on his solitude or seclusion; and the unreasonable public disclosure of embarrassing facts are DISMISSED WITH PREJUDICE. It is DENIED as to all other claims.

New Orleans, Louisiana, this 31st day of January, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE